# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GABRIEL JOSE NEVAREZ,

    Plaintiff,

v.                                                           No. 1:19-cv-00443-KG-SCY

MICHAEL T. ROCKHOLD,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs, Doc. 2, filed May 14, 2019, ("Application"), and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 14, 2019, ("Complaint").

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $789.89; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $850.00; and (iv) Plaintiff has $789.89 in cash and $20.00 in a checking account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses exceed his monthly income, he is unemployed and he only has a small amount of money in a bank accounts.

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff's Complaint, which is difficult to understand, and the police report attached to the Complaint indicate the following factual background. Defendant called the police to report his car was being vandalized by Plaintiff and when Defendant informed Plaintiff that he was "calling the cops" Plaintiff picked up two rocks and held them as if he was going to throw them at Defendant. Complaint at 8-9. The police later located Plaintiff who stated that he was struck by a vehicle driven by Defendant and that he "backed [Defendant] away with a rock because [Defendant] was coming for him." Complaint at 8-9. Plaintiff indicates he was "falsely charged," "falsely incarcerated," and suffered "emotional distress." Complaint at 3.

Plaintiff's Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because Defendant is not a state actor and Plaintiff has not alleged that Defendant conspired with state actors to violate Plaintiff's federal rights. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section

1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"); *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (a plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with state actors to violate his federal rights).

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court dismisses Plaintiff's civil rights claim pursuant to 42 U.S.C. § 1983 for failure to state a claim.

The Court, having dismissed the only federal law claim and noting there is no diversity jurisdiction, declines to exercise supplemental jurisdiction over the "emotional distress" claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs, Doc. 2, filed May 14, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**